IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDDIE SANTANA )
          Plaintiff, )
           )
v. ) No. 11-CV-782-JHP-PJC
           )
           )
MUSCOGEE (CREEK) NATION *ex rel.* )
RIVER SPIRIT CASINO )
          Defendants. )

## OPINION AND ORDER

     Before the Court are Defendant Muscogee (Creek) Nation's Motion to Dismiss,[1] Plaintiff's FRCP Rule 18 [sic] Motion to Add Claims,[2] Plaintiff's Notice and Motion for FRCP Rule 20 [sic] Joinder of State of Oklahoma as a Party Defendant,[3] Defendant's Motion to Strike Plaintiff's (2nd) Supplemental Response to Motion to Dismiss, and Plaintiff's Objection to Defendant's Motion to Strike and Motion for Leave to Amend Objection to Defendant's Motion to Dismiss.[4] Plaintiff has responded to the Motion to Dismiss and has also supplemented that response on two separate occasions.[5] Defendant has responded to each of Plaintiff's filings and has filed a Reply to Plaintiff's Response on the Motion to Dismiss.[6] The Court considers each of these motions fully briefed and

---

    [1]Docket No. 8.

    [2]Docket No. 12.

    [3]Docket No. 13.

    [4]Docket No.'s 20 and 21.

    [5]*See* Docket No.'s 11, 14, 16.

    [6]*See* Docket No.'s 15, 17, 18. Plaintiff has also filed a "Request for Court to Assume Jurisdiction in Place of if not Oklahoma Instead of Tribal Court" in response to Defendant's

1

at issue. For the reasons detailed below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action in the Tulsa County District Court on November 28, 2011.[7] In his "Petition," Plaintiff alleges the Tulsa County District Court has jurisdiction pursuant to the general jurisdiction of Oklahoma courts and according to the Model Gaming Compact between Defendant, a federally recognized Indian tribe, and the State of Oklahoma.[8] Plaintiff further alleges that Defendant has consented to suit under the Model Gaming Compact.[9]

Plaintiff opens his complaint by stating that he is a gambling addict.[10] Plaintiff alleges that Defendant was unjustly enriched by allowing Plaintiff to gamble at the Defendant's casino.[11] Plaintiff further alleges that Defendant's advertising unfairly targets those with gambling addiction and that as a result, Plaintiff spent more than $60,000 in student loan money.[12] Plaintiff also seeks to add a claim of negligence *per se*, for the failure of casino employees to ask him to leave "as is contemplated in Part 5(E)(4) of the Model Gaming Compact" and seeks declaratory relief from this Court that would order the state of Oklahoma to "do what's right" and enter the case to defend its

---

Notice of Removal. Docket No. 9. This has been treated as a motion and has also been fully considered.

[7]"Petition" at 1, Docket No. 2-1. Plaintiff's state court petition is actually entitled "Complaint." *See infra* p. 3-4.

[8]*Id.*

[9]*Id.*

[10]*Id.* at 2.

[11]*Id.*

[12]*Id.* at 1-2.

interests under Part 6 of the Compact.[13] Plaintiff fleshed out this second request in his Federal Rule of Civil Procedure 20 motion to join Oklahoma as a party defendant.[14]

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441 and 1446(b), claiming that Plaintiff's filing of the action in state court creates a substantial question of federal law and that this Court has jurisdiction under 28 U.S.C. §§ 1331.[15] Specifically Defendant claims that the question of whether a state may exercise jurisdiction over civil actions against Indians in Indian Country was one of federal law.[16] Plaintiff did not contest removal, and instead pleaded with this Court to assume jurisdiction if the Oklahoma state court lacks jurisdiction.[17]

The Court notes the substantive allegations in Plaintiff's instant state court "Petition" mirror those claims made by the Plaintiff against other tribal casinos, including one owned by the Muscogee (Creek) Nation. This prior suit was filed by the Plaintiff in the Northern District of Oklahoma.[18] Ultimately, only Plaintiff's recitation of jurisdiction and inconsequential factual

---

[13]Plaintiff's FRCP Rule 18 [sic] Motion to Add Claims, at 2-3, Docket No. 12. Defendant is a signatory to the Model Tribal Gaming Compact. *See* Notice of Removal at 5, Docket No. 2.

[14]Plaintiff's Notice and Motion for FRCP Rule 20 [sic] Joinder of State of Oklahoma as a Party Defendant at 1-3, Docket No. 13.

[15]Notice of Removal at 6, Docket No. 2. Defendant also predicates jurisdiction on 28 U.S.C. §1362 which states "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." As the instant action was not brought by Defendant, §1362 is inapplicable.

[16]*Id.* at 3.

[17]*See* Plaintiff's Request for Court to Assume Jurisdiction in Place of if not Oklahoma Instead of Tribal Court 8-11, Docket No. 9.

[18]Plaintiff's prior suit, brought in federal court, premised federal jurisdiction on the Indian Gaming Regulatory Act. The District Court found that federal jurisdiction was lacking as the IGRA does not create a private cause of action. This decision was upheld on appeal. *See Santana v. Cherokee Casino*, 215 Fed.Appx. 763 (10th Cir.2007).

differences distinguish Plaintiff's 2006 Complaint from the instant state court "Petition." In fact, Plaintiff's instant state court "Petition," of which large parts appear to be copied and pasted from the 2006 Complaint, is actually still entitled "Complaint," rather than "Petition." As the Court examines the instant jurisdictional issues, it notes Plaintiff has already tried, and failed, to have the crux of this dispute settled in federal court.

## DISCUSSION

**A. The Propriety of Removal**

Defendant has removed the instant case from Tulsa County District Court and Plaintiff does not contest this removal. However, as parties cannot consent to subject matter jurisdiction, the Court must determine the existence of jurisdiction *sua sponte*.[19] Defendant, as the party invoking federal jurisdiction, bears the burden of establishing the existence of original subject matter jurisdiction.[20] Defendant invokes federal jurisdiction solely pursuant to 28 U.S.C. § 1331, which authorizes federal district courts to hear civil actions "arising under the Constitution, laws or treaties of the United States."

A case arises under federal law if a well-pleaded complaint establishes either that federal law creates the cause of action or that within plaintiff's state law claim is embedded a substantial question of federal law, the resolution of which is necessary to plaintiff's right to relief.[21] When reviewing a case for embedded federal claims, the Court must ask if the "state claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain

---

[19] Fed. R. Civ. P. 12(h)(3).

[20] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001).

[21] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (*internal quotations omitted*).

4

without disturbing any congressionally approved balance of federal and state judicial responsibilities."[22]

Here, the Plaintiff's right to relief and where he may seek it implicates important federal interests in tribal economic development, self-sufficiency, and strong tribal governments.[23] Further, Plaintiff's claim necessarily depends on resolution of a substantial and disputed question of federal law, specifically whether or not Defendant's limited consent to suit in its compact with Oklahoma authorizes an Oklahoma state court to exercise civil-adjudicatory jurisdiction over Plaintiff's tort claims.[24] As the answer to this question is predicated on the interpretation of federal law, particularly the IGRA and its progeny compacts, it is therefore a "federal question" for the purposes of §1331.[25]

Considering the importance of the federal interest at stake, and the current state of the law in Oklahoma courts, the Court finds this issue is both disputed and substantial, and that there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum."[26] The Court also finds that there is relatively little danger that the exercise of federal jurisdiction in this

---

[22]*See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (*internal quotation omitted*).

[23]*See Pueblo of Santa Ana v. Kelly,* 104 F.3d 1546, 1548 (10th Cir.1997) (quoting congressional goals of the IGRA).

[24]This dispute is best illustrated in the ongoing litigation in the Western district of Oklahoma. *See Choctaw Nation v. Oklahoma*, 2010 WL 5798663 at *4 (W.D.Okla.. June 29, 2010) (granting injunctive relief preventing Oklahoma courts from exercising jurisdiction over any compact-related tort claims).

[25]*See, e.g. id.* at 1557 (stating compact is a creature of both state and federal law); *Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1056 (9th Cir.1997) (holding enforcement of compact arises under federal law).

[26]*See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)

narrow matter will upset the congressionally approved balance of federal and state judicial responsibilities. Upon consideration of all these factors, the exercise of federal jurisdiction over Defendant's Motion to Dismiss is warranted.

**B. Defendant's Motion to Dismiss**

Defendant brings the instant Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), claiming that Defendant has not waived its sovereign immunity from suit in state courts, and citing that the jurisdiction of this case lies with the Defendant's tribal courts.[27] Plaintiff argues that such immunity has been waived under the Model Gaming Compact.[28]

The applicability of tribal sovereign immunity is a question of subject matter jurisdiction, properly challenged by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[29] Where a motion to dismiss challenges the underlying factual basis for subject matter jurisdiction, the Court's decision is not constrained by the pleadings.[30] Instead, "the [C]ourt must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence."[31] A motion to dismiss is properly converted to one for summary judgment "when resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[32]

---

[27] Defendant's Motion to Dismiss at 20-21, Docket No. 8. Because the Court basis its findings on Defendant's 12(b)(1) claims it need not reach Defendant's 12(b)(6) arguments.

[28] "Petition" at 1, Docket No. 2-1.

[29] *Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir.2007)

[30] *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292-93 (10th Cir.2005) (*internal citation omitted*).

[31] *Id.*

[32] *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir.2000)

Here, Defendant's Motion claims Defendant has not waived its sovereign immunity from suit in state court, thereby challenging the factual basis for subject matter jurisdiction. As such, the Court need neither accept Plaintiff's allegations as true nor confine its review to the pleadings. Further, the jurisdictional issues regarding Defendant's sovereign immunity are not in any way intertwined with the merits of any of Plaintiff's tort claims. Therefore, Defendant's Motion may properly be decided under Rule 12(b)(1).[33]

Plaintiff brings the instant suit claiming Oklahoma state court jurisdictions exists under Oklahoma's Model Gaming Compact.[34] The IGRA provides the statutory basis for all tribal gaming compacts and determines the permissible scope of such compacts.[35] The IGRA prohibits neither waiver of tribal sovereign immunity nor allocation of civil-adjudicatory authority between a state and a tribe.[36] Therefore the limited consent to suit in the Model Gaming Compact comports with the requirements of the IGRA. The Court must now determine whether that limited consent allocates jurisdiction over gaming related tort claims to Oklahoma state courts.

The actual compact between the Muscogee (Creek) Nation and the State of Oklahoma (the

---

[33]*See, e.g. Native American Distributing v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir.2008) (finding subject matter jurisdiction challenge based on sovereign immunity to turn on a question of fact).

[34]"Petition" at 1, Docket No. 2-1.

[35]*See Seminole Tribe v. Florida,* 517 U.S. 44, 48-50, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)

[36]*See*, *e.g. New Mexico v. Pueblo of Pojoaque*, 30 Fed.Appx. 768, 768-69 (10th Cir.2002) (affirming district court's finding possible waiver of tribal sovereign immunity regarding New Mexico's compact claims) (*unpublished opinion cited pursuant to* Fed.R.App.P. 32.1; 10th Cir. R. 32.1(A)); *Muhammad v. Comanche Nation Casino*, 2010 WL 4365568 at *6 (W.D.Okla.2010) ("[T]he Court concludes that IGRA does not prohibit a state and a tribe from negotiating an allocation of civil-adjudicatory authority over tort claims related to gaming operations").

7

Compact) took effect in April of 2005.[37] This Compact adopted Oklahoma's Model Gaming Compact so as to easily secure validity under Oklahoma state law.[38] The Compact addresses, and provides limited consent to, two types of potential civil suits between tribal gaming enterprises and gaming patrons: tort claims and prize claims. These issues are discussed at length in Part 6 of the Compact.[39]

In reviewing of Part 6 and the balance of the Compact, the Court finds that the limited consent to suit in the Compact does not grant civil-adjudicatory jurisdiction to Oklahoma courts. The Court prefaces its analysis of this issue by reiterating longstanding precedent that any waiver of tribal sovereign immunity must be clear and unequivocal.[40] Further, state courts have no adjudicatory authority over the conduct of tribal entities on tribal land unless such authority is clearly and unequivocally granted by the tribe.[41]

The Court recognizes that Part 6(c) of the Compact waives tribal immunity and consents to suit for tort and prize claims in a "court of competent jurisdiction." However, the phrase "court of

---

[37]*See* 70 Fed.Reg. 18041-01 (April 8, 2005).

[38]*See Defendant's Motion to* Dismiss at 10, Docket No. 8 ("The Model Compact, including the Nation's Compact. . ."); Okla. Stat. tit. 3A, §281-82 (codifying terms of Model Compact and authorizing tribal state compacts to become effective without state signatory).

[39]*See* Compact at 2, Docket No. 8-1. Defendant's filings included only portions of the Compact. The Court accessed the Muscogee(Creek) Nation Compact in its entirety at: http://www.nigc.gov/Portals/0/NIGC%20Uploads/readingroom/compacts/Muscogee%20Creek%20Nation%20of%20Oklahoma/muscogeecomp031605.pdf

[40]*See C & L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (*citing Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)).

[41]*See C & L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (*quoting Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)).

competent jurisdiction" is undefined by the Compact, and this language alone does not evince the clear, unequivocal consent to the jurisdiction of Oklahoma's courts required to waive tribal sovereign immunity. As state courts generally lack authority over tribal entities on tribal land, Oklahoma state courts cannot be considered "courts of competent jurisdiction" under the Compact without unambiguous language demonstrating the clear, unequivocal consent of the tribe to the civil-adjudicatory authority of Oklahoma courts.[42] The Compact contains no such language.

In fact, other provisions of the Compact suggest that Defendant and its courts retain authority for the adjudication of claims like those of the instant Plaintiff.[43] For example, Part 6(A) of the Compact tasks the tribal enterprise with ensuring due process for patrons' tort claims.[44] Part 6(A)(7) states that Defendant's rules and regulations govern said process.[45] Further, promulgation of these rules and regulations is the province of the Defendant and is expressly required by Part 5(A) of the Compact.[46]

Even if the above provisions do not explicitly vest Defendant's tribal courts with authority over Plaintiff's claims, Plaintiff cannot establish the jurisdiction of state or federal courts. Without clear, unequivocal evidence of the Defendant's consent to be sued in courts other than its own, this

---

[42]*See Muhammad v. Comanche Nation Casino*, 2010 WL 4365568 at *9 (W.D.Okla.2010) (*citing California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 222, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987)).

[43]*See Id.* at *10 (stating other sections of the tribal compact bolster the conclusion that state courts are not "courts of competent jurisdiction"). The compact at issue in *Muhammed* was similarly an adoption of Oklahoma's Model Gaming Compact.

[44]*See id.;* Compact at 2, Docket No. 8-1.

[45]*See Muhammed*, 2010 WL 4365568 at *10; Compact at 4, Docket No. 8-1.

[46]*See id.*; *supra* note 36.

Court must conclude that there has been no such consent, and therefore no jurisdiction of non-tribal courts.[47]

In reviewing the Compact, the Court finds no clear language demonstrating Defendant's consent to outside civil-adjudicatory jurisdiction. Although the Defendant has waived its immunity in some part by providing consent to suit for tort and prize claims, this waiver appears limited to civil action in the Defendant's courts. Because there has been no clear consent to the jurisdiction of outside courts, neither the Oklahoma state court nor this Court can exercise jurisdiction over Plaintiff's claims. Consequently, Plaintiff's action is dismissed for lack of jurisdiction.

**C. Plaintiff's Joinder Motions**

Plaintiff's motion to amend his petition to add an additional claim of negligence *per se* and a claim for declaratory relief against the state of Oklahoma, as well as his motion to add Oklahoma as a party defendant are similarly flawed.[48] Although the Court construes the Plaintiff's *pro se* pleadings liberally,[49] the amended claims purposed by Plaintiff are subject to dismissal based on the same lack of jurisdiction discussed above. Further, as Plaintiff has not presented any evidence of waiver by the State of Oklahoma, Plaintiff's claims against the State are barred by its Eleventh Amendment immunity.[50] Finally, Plaintiff has not presented, and the court knows of, no authority

---

[47]*See C & L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (*internal citations omitted*).

[48]Plaintiff's FRCP Rule 18 [sic] Motion to Add Claims, at 2-3; Docket No. 12; Plaintiff's Notice and Motion for FRCP Rule 20 [sic] Joinder of State of Oklahoma as a Party Defendant at 1-3, Docket No. 13.

[49]*Merryfield v. Jordan*, 584 F.3d 923, 924 (10th Cir.2009).

[50]*See Papasan v. Allain,* 478 U.S. 265, 276 106 S.Ct. 2932,92 L.Ed.2d 209 (1986); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam*) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the

under which this Court can force the State of Oklahoma to intervene as a party plaintiff.[51] As a result, all of Plaintiff's amendments are futile and are therefore **DENIED**.[52]

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.[53] Plaintiff's FRCP Rule 18 [sic] Motion to Add Claims[54] and Plaintiff's Notice and Motion for FRCP Rule 20 [sic] Joinder of State of Oklahoma as a Party Defendant[55] are **DENIED**. Defendant's Motion to Strike Plaintiff's (2nd) Supplemental Response to Motion to Dismiss and Plaintiff's Objection to Defendant's Motion to Strike and Motion for Leave to Amend Objection to Defendant's Motion to Dismiss[56] are **DISMISSED AS MOOT.**

James H. Payne
United States District Judge
Northern District of Oklahoma

---

Eleventh Amendment, unless Alabama has consented to the filing of such a suit").

[51]*See* Fed. R.Civ.P. 24.

[52]*See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow amendment if it would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal") (*internal citations omitted*).

[53]Docket No. 8.

[54]Docket No. 12.

[55]Docket No. 13.

[56]Docket No.'s 20 and 21.